# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

TIMOTHY J. HEINZ,               )       CASE NO. 5:22 CV 00392
                                )
    Plaintiff,              )       JUDGE JOHN R. ADAMS
                                )
  v.                            )
                                )       MEMORANDUM OF OPINION
CLERK PORTAGE COUNTY COURT      )       AND ORDER
OF COMMON PLEAS, *et al.*,       )
                                )
    Defendants.             )

*Pro se* Plaintiff Timothy J. Heinz filed this Complaint for Discovery against the Portage

County Common Pleas Court Clerk and Portage County Sheriff Bruce D. Zuchowski seeking

discovery of charging, arrest and booking records pertaining to his July 12, 2021 arrest.  He cites

the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), as the basis for subject matter

jurisdiction and further contends that interstate commerce is implicated.

## I.    Background

Plaintiff indicates he is seeking records pertaining to his arrest in Portage County.  He

states a foreclosure action was filed against him in the Portage County Court of Common Pleas

in 2014.  In November 2019, Portage County Common Pleas Court Judge Laurie J. Pittman

rendered a foreclosure judgment against him.  He claims that under Ohio law, the property could

not be sold at sheriff's sale for less than two-thirds of the appraised price.  He contends his

property should have appraised for $ 155,000.00 but instead appraised for only $ 150,000.00.

Because of this lower appraisal, the property was permitted to be sold for $ 100,000.00 and not

$103,850.00 which would have been the minimum bid if the higher appraisal value was used.

He claims that meant that Judge Pittman's judgment violated Ohio law.

Plaintiff claims he was then evicted from the property.  He states he attempted to inform the sheriff's deputies of the violations of the Ohio Revised Code and referred to the active appeal, but the deputies continued with their eviction efforts.  At some point during the eviction process, the deputies arrested Plaintiff.  Plaintiff claims the only motivation the deputies could have had to arrest him was the presence of bonds that could be marketed.  He seeks discovery from the Sheriff and the Clerk of Court to find evidence of bonds that may have been purchased, paid or marketed on Plaintiff as a debtor.  He does not state a cause of action he is asserting in this Court but references the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B) and the Commerce Clause.

## II.        Standard of Review

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney.  *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).  Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter.  *Id*. at 480;

*see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

### III.      Analysis

Plaintiff does not state any specific cause of action in his Complaint.  He only indicates the relief he requests.  He references the Freedom of Information Act as a basis for federal court jurisdiction.  To the extent he is seeking relief under this statute, his claim lacks an arguable basis in law.  The Freedom of Information Act is applicable only to federal agencies. §5 U.S.C. 551(1).  In this case, the named defendants  the Portage County Common Pleas Court Clerk and the Portage County Sheriff--do not fall within the statutory definition of a federal agency.  *See* §5 U.S.C.  551(1)(A)-(H).  The Freedom of Information Act does not apply to them.

Furthermore, absent a viable federal cause of action, Plaintiff has not established a basis for federal court jurisdiction.  Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law.  *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve.  *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between

"citizens of different states." 28 U.S.C. § 1332(a)(1).  To establish diversity of citizenship, the

Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of

other states.  The citizenship of a natural person equates to his domicile.  *Von Dunser v. Aronoff*,

915 F.2d 1071, 1072 (6th Cir.1990).  The second type of federal jurisdiction relies on the

presence of a federal question.  This type of jurisdiction arises where a "well-pleaded Complaint

establishes either that federal law creates the cause of action or that the Plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v.*

*Construction Laborers Vacation Trust*, 463 U.S. 1, 27  28 (1983).

Neither of these bases for federal court jurisdiction are present in this case.  Diversity of

citizenship does not exist here because all the parties appear to be citizens of Ohio.  Furthermore

Plaintiff has not identified a federal statute which the Defendants violated and which would

allow this Court to grant the relief he requests.  Simply stating that there may be bonds involved

and bonds impact interstate commerce is not sufficient to establish a federal cause of action.  A

Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the

Court's jurisdiction.  Fed.R.Civ.P. 8.  Plaintiff has not established this court's jurisdiction over

the matters he alleges in his Complaint.

## IV.     Conclusion

Accordingly, this action is dismissed.  The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: May 19, 2022

/s/ *John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

-4-